## IN THE MATTER OF HOWARD A. McGLASSON, JR.
### (SUPREME COURT DISCIPLINARY No. 375)
#### (322 SE2d 895)

PER CURIAM.

McGlasson was retained to conduct the closing of a real property transaction. On January 11, 1983, he issued his check payable to his client for a sum in excess of $3,000. The check was for funds belonging to his client, which had been deposited in McGlasson's general checking account.

That check was returned for insufficient funds. Between the date of its return by the bank and August 22, 1983, his client made frequent efforts to communicate with McGlasson, and to obtain payment of the check — none of which were successful. On this latter date, McGlasson acquired and transmitted to his client a certified check in the sum owed to him.

Upon the filing of a disciplinary action, alleging violation of Standards No. 4, 65 and 68 of Bar Rule 4-102, a Special Master was appointed, a hearing was held, and upon McGlasson's failure to file any response or appear at the hearing, the allegations contained in the complaint were found by the Special Master to be true, by default.

The Special Master and the Disciplinary Board recommended that McGlasson be disbarred. Thereafter, McGlasson filed a document purporting to surrender his license to practice law.

Inasmuch as surrender of license to practice law is equivalent to disbarment, the court accepts the surrender of McGlasson's license, and his name is stricken from the roll of attorneys.

*All the Justices concur.*

DECIDED OCTOBER 31, 1984.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.
*W. David Sims,* for McGlasson.